FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 NOV 15 PM 1:23
CLERK R. Ash
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

STACY HERRING, )
Petitioner, )
vs. ) CIVIL ACTION NO.: CV210-094
JAMES CAMON, Superintendent )
Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Stacy Herring ("Herring"), who is currently incarcerated at the Robert L. Patten probation Detention Center in Lakenland, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed an Answer-Response and a Motion to Dismiss, and Herring filed a Reply.

## STATEMENT OF THE CASE

Herring's petition challenges the proceedings and outcome of a probation revocation hearing which took place in Camden County Superior Court. (Doc. Nos. 1, 2). Respondent has filed a Motion to Dismiss Herring's Petition for lack of exhaustion and for failing to state a claim upon which relief could be granted. For the reasons which follow, Herring's petition should be **DISMISSED**.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Pope v. Rich, 358 F. 3d 852, 854 (11th Cir. 2004) (citing Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003)). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771

(11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

There is no evidence before the Court that Herring exhausted his available administrative remedies prior to filing this § 2254 petition. Herring states, "Mr. James Camon stated he do not [sic] involve himself in habeas corpus proceedings. Their [sic] is no need for a habeas corpus hearing, the respondent wish not to have a habeas corpus hearing." (Doc. No. 13, p. 3). Herring offers no evidence that he attempted to pursue the state appellate or collateral review process.

In the alternative, Herring's petition should be dismissed because he only sets forth errors allegedly occurring during the state court proceedings, and these enumerations of error do not provide relief pursuant to § 2254. Carroll v. Sec'y, Dep't of

Corr., 574 F.3d 1354, 1365 (11th Cir. 2009) (noting that the Eleventh Circuit Court of Appeals "has repeatedly held defects in state collateral proceedings do not provide a basis for [section 2254] relief[,]" if such errors do not "undermine the validity of [a] petitioner's conviction" and are "unrelated to the cause of [a] petitioner's detention.").

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and that Herring's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)